**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,
          Plaintiff,

v.

MICHAEL LORIA,
          Defendant.

REPORT AND RECOMMENDATION
14-cv-6148

FILED NOV 25 2015 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY

The defendant, having filed a Motion for an examination to determined competency pursuant to 18 U.S.C. § 4241 on February 2, 2015 (Docket ## 33, 34); and the Court having granted the motion on or about February 11, 2015, and having ordered the United States Department of Justice to pay the reasonable costs and fees of such examination (Docket # 37); and the defendant having undergone competency evaluation conducted by Rory P. Houghtalen, MD, clinical professor of psychiatry, University of Rochester; and Dr. Houghtalen, having rendered his written opinion on November 16, 2015 indicating that the defendant is competent to stand trial; and both parties having reviewed the report of Dr. Houghtalen; and defense counsel having informed the Court on November 23, 2015 that the defendant is not contesting the findings made by Dr. Houghtalen, therefore it is the Report and Recommendation of this Court that, based on the results of competency examination conducted by Dr. Houghtalen, the defendant is competent to stand trial.

SO ORDERED.

                                  JONATHAN W. FELDMAN
                                  United States Magistrate Judge

Dated: November 25, 2015
       Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988).

<u>**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**</u>  Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." <u>**Failure to comply with the provisions of Rule 59(b)(2) may result in the District Court's refusal to consider the objection.**</u>

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:    November 25, 2015
          Rochester, New York

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. United States v. Andress, 943 F.2d 622 (6th Cir. 1991), cert. denied, 502 U.S. 1103 (1992); United States v. Long, 900 F.2d 1270 (8th Cir. 1990).